WILLIAM T. HAINES, Attorney General,
on relation of Readfield Telegraph & Telephone Company,

*vs.*

MAURICE W. CROSBY.

Kennebec.    Opinion May 26, 1900.

*Telegraph and Telephone Companies. Corporations. Stat. 1895, c. 103.*

While the statute of 1895, c. 103, prohibits telegraph and telephone corporations, organized under that act, from establishing a telegraph or telephone line in competition with an existing or authorized line without the consent of such existing company, it does not prohibit an individual, not incorporated, from establishing and operating such a line.

ON REPORT.

This was a bill in equity, heard on bill, answer and proofs, brought by the plaintiff corporation against the defendant to restrain him from carrying on a public telephone business over the line which he had constructed in the towns of Readfield and Wayne.

The plaintiff corporation was duly chartered under the general laws of the State of Maine, on May 28, 1895, with the right to

erect telephone lines and carry on telephone business throughout the territory specified in its certificate of organization. The line as built runs from Readfield Depot to Readfield Corner, also from Winthrop to Readfield Corner; from Readfield Corner to Kent's Hill; thence to West Mt. Vernon, Mt. Vernon Village and Vienna, with a public pay station in each place. This portion of the authorized territory has been covered by their line for several years and a public telephone business has been carried on therein.

The defendant built at first a private telephone line for his own convenience, but finally in the fall of 1899 extended the same, so that now he is carrying on a general public telephone business with a central office at or near Readfield Corner, and the line extends from Readfield Corner to Readfield Depot, practically duplicating the plaintiff's line, with another line extending to North Wayne. The number of subscribers on these lines was stated to be twenty.

*L. C. Cornish*, for plaintiff.

The fair construction of this statute is this: it does not prohibit a private individual or a firm from running a private line, for instance, between his place of business and his house or farm, as the defendant did in the first instance here; but the intention of the statute is to protect vested interests so far as carrying on a public telephone business is concerned; and that when one line is in operation between given points, no other line can be constructed between those points, or can be constructed between any other points where the first is authorized to run, unless by legislative consent. It cannot be disputed that the defendant is not running a private telephone line for his own personal convenience. He is operating a public line just as much as the plaintiff is. He has twenty subscribers who pay a rental to him of so much per year, and he has a central station where the various connections are made. He is therefore carrying on a public telephone business.

It was the evident intent of the legislature in 1885 (c. 378) to bring corporations, persons and associations all under one rule, and when the legislature in 1895 welded these two objects together, the same intention was expressed again. We therefore claim that in this view, the provisions of the law of 1895, (c. 103) in spirit

as well as in word, should apply to individuals as well as to corporations.

The statute does not base the right of non-interference upon the question of public convenience. It does not attempt to regulate the Telephone Co. and prescribe just how it shall manage its business, what connections it shall make or what it shall not make. Those are questions that can properly be addressed to the legislature and to the legislature alone, when the petition is put in for the so-called rival; but until that time it is immaterial.

*Jos. Williamson, Jr., and L. A. Burleigh,* for defendant.

The fact that in this same paragraph of the statute the words "company, firm or persons" are used to designate those with whom corporations organized hereunder shall not compete, and the words "person, firm" are omitted in describing those who shall not compete, *indicates that it was the express intent of the legislature that the words "corporations organized hereunder" should not include persons or firms.* Even if the word "corporation" could be so stretched in meaning as to include a person, this statute applies only to corporations organized under the statute. The defendant is not a corporation "organized hereunder". He does not owe his being to an act of the legislature. The legislature did not attempt to procure his right to operate and maintain a telephone line. It could not have done so if it would. The constitution of our state gives to men the right to acquire, possess and protect property. A right to acquire implies the right to enjoy. A telephone line is property. Any legislation which would prevent a natural person from constructing, or acquiring property in a telephone line, until he obtains the consent of a competitor would be as unconstitutional as a law which would prevent him erecting a grocery store without such consent.

SITTING: WISWELL, C. J., HASKELL, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J. Chapter 103, § 3, of the statute of 1895, provides that "no corporation organized hereunder shall have authority,

without special act of the legislature, to construct its lines along the route or routes, used or authorized to be used, by any other telegraph or telephone company, person or firm, or between points connected, or authorized to be connected, by the lines of any such company, person or firm, unless it shall first obtain the consent of such other company, person or firm."

This statute is so prohibitive of competition, even if wholesome, that we are not inclined to extend its operation beyond its plain and specific language.

It prohibits "corporations" organized under the act from establishing a telegraph or telephone line in competition with an existing or authorized line without the consent of such existing company, but it does not prohibit an individual, not incorporated, from establishing and operating such line.

The defendant has constructed and maintained and operated a telephone line over part of the route of plaintiff's line, without its consent, and plaintiff seeks to prohibit him from so doing, under the statute of 1895.

It is the opinion of the court that the statute prohibition does not apply to the individual action of the defendant.

*Petition dismissed with costs against the relator.*